**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONISHA WILLIAMS,**                  : | **Civil Action No.** |
| **3001 Comley Road**                    : | |
| **Philadelphia, PA 19154**              : | |
|     **Plaintiff,**  : | |
|                                         : | |
|     v.              : | **Complaint and Jury Demand** |
|                                         : | |
| **SOUTHEASTERN PENNSYLVANIA**           : | |
| **TRANSPORTATION AUTHORITY,**           : | |
| **1234 Market Street**                  : | |
| **Philadelphia, PA 19107**              : | |
|     **Defendant.**  : | |

## CIVIL ACTION

Plaintiff, Donisha Williams (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Southeastern Pennsylvania Transportation Authority (hereinafter "Defendant" or "SEPTA"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, SEPTA is a regional public transportation authority with a location and corporate headquarters located at 1234 Market Street, Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII and the PDA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender and pregnancy discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2023-01001 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 4, 2023.  Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around April 1, 2019, Defendant hired Plaintiff in the position of Maintenance Custodian for the subway division.

21. Plaintiff was well qualified for her position and performed well.

22. On October 6, 2019, Defendant transferred Plaintiff to the position of Cashier.

23. Plaintiff was well qualified for her position and performed well.

24. On or around November 27, 2021, Plaintiff gave birth and immediately thereafter commenced an eight (8) week maternity leave of absence as an accommodation.

25. On or around February 9, 2022, Plaintiff returned to work at Defendant.

26. Thereafter, Plaintiff performed her job duties in a satisfactory manner and Defendant did not counsel her regarding any aspect of her job performance or conduct.

27. On or around June 24, 2022, Yvette Hill, Director, issued Plaintiff a final disciplinary warning, allegedly due to excessive absences.

28. Importantly, almost all of Plaintiff's absences were related to the birth and care of her child.

29. Furthermore, Defendant had not subjected Plaintiff to any prior disciplinary action as required by Defendant's progressive disciplinary policy and had not notified her that her job was in jeopardy.

30. At the time of receipt of said final warning, Plaintiff was shocked that Defendant was using her maternity leave as a basis for disciplinary action and did not have a union representative present in the meeting; therefore, she did not immediately sign the disciplinary action, which provided a deadline of July 25, 2022 for signature.

31. On or around June 30, 2022, Defendant abruptly terminated Plaintiff's employment without any explanation.

32. Significantly, Plaintiff had not exceeded the deadline for signature of the said warning and her delayed signature was not a violation of any rule or policy of Defendant.

33. Moreover, employees who did not require maternity leave as an accommodation and/or had failed to immediately sign a disciplinary action were not subjected to similar discipline.

34. It is Plaintiff's position that Defendant's articulated reason for her termination was pretextual and that Defendant discriminated against her based on her sex/pregnancy and retaliated against her based on her need for a pregnancy accommodation.

## COUNT I – PREGNANCY DISCRIMINATION
## PREGNANCY DISCRIMINATION ACT

35. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

36. Plaintiff is a member of a protected class in that she was pregnant.

37. Plaintiff was qualified to perform the job for which she was hired.

38. Defendant terminated Plaintiff shortly after she returned from maternity leave.

39. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

40. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

41. Defendant discriminated against Plaintiff on the basis of her pregnancy.

42. Defendant treated non-pregnant employees better than it treated Plaintiff.

43. Defendant has no legitimate non-discriminatory reason for its actions.

44. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – PREGNANCY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a member of a protected class in that she was pregnant.

47. Plaintiff was qualified to perform the job for which she was hired.

48. Defendant terminated Plaintiff shortly after she returned from maternity leave.

49. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

50. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

51. Defendant discriminated against Plaintiff on the basis of her pregnancy.

52. Defendant treated non-pregnant employees better than it treated Plaintiff.

53. Defendant has no legitimate non-discriminatory reason for its actions.

54. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – GENDER DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that she is female.

57. Plaintiff was qualified to perform the job.

58. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

59. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

62. Defendant terminated Plaintiff.

63. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff is a member of protected classes in that she is female.

66. Plaintiff was qualified to perform the job.

67. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

68. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

69. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

70. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

71. Defendant terminated Plaintiff.

72. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## PREGNANCY DISCRIMINATION ACT/TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED

73. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

74. Plaintiff engaged in activity protected by Title VII/PDA when she requested and went out on maternity leave.

75. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

76. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

77. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

78. Plaintiff engaged in activity protected by the PHRA when she requested and went out on maternity leave.

79. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, termination.

80. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Donisha Williams, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the PDA, Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: November 2, 2023     By:  */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*